IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STRIKE 3 HOLDINGS, LLC          :

    v.                          :   Civil Action No. DKC 24-2471

JOHN DOE                         :

**ORDER**

The court has pending before it a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, filed by Plaintiff Strike 3 Holdings, LLC ("Plaintiff"). (ECF No. 4). In the instant suit, John Doe is alleged to have utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Plaintiff. The Doe Defendant has been identified in the lawsuit only by an Internet Protocol address ("IP Address") assigned to a customer on a specific date by an Internet Service Provider ("ISP" or "Provider") and through which the copyrighted work was allegedly downloaded.[1]

---

[1] An IP address does not refer to a location in the sense of a physical place. It is a number that is assigned to a computer when it connects to the Internet and is used during that connection. When the computer disconnects, the number can be assigned to another computer. This means that – unlike a home telephone number – an IP address can be used to identify different computers at different times.

Plaintiff has filed the instant motion requesting permission to initiate discovery to identify the account subscriber ("Doe Subscriber") associated with the IP Address used to download its copyrighted films, notwithstanding the provisions of Fed.R.Civ.P. 26(d)(1), which preclude a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f). Plaintiff contends that it must be permitted to issue a Rule 45 subpoena to the ISP (Verizon Fios) to identify the customer assigned the IP Address on the date or dates in question in order to learn the identity of the person responsible for downloading the copyrighted works, and that there is no other way for it to obtain this information.

There have been issues raised regarding the sufficiency of the allegations of a complaint identifying a defendant by reference to an IP address.[2] However, the court finds that, with appropriate

---

[2] *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (noting many courts' "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films," adopting a magistrate judge's finding that "an IP address alone is insufficient to establish 'a reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'" and observing that "[d]ue to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the copyrighted

safeguards, it is reasonable to permit Plaintiff to pursue discovery to determine whether it would have an adequate basis for a claim against the Doe Defendant.

Accordingly, Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference (ECF No. 2) is GRANTED and subject to the following conditions and limitations:

1. Plaintiff may obtain from the clerk a subpoena to be served on the ISP through which the Doe Subscriber allegedly downloaded the copyrighted work, and may serve the ISP in accordance with Fed. R. Civ. P. 45. The subpoena may command production of documents and/or electronically stored information (collectively, "Information") identifying the Doe Subscriber. The subpoena shall have, as an attachment, a copy of the complaint filed in this lawsuit, and a copy of this Order.

2. After having been served with the subpoena, the ISP will delay producing to Plaintiff the subpoenaed information until after it has provided the Doe Subscriber with:

    a. Notice that this suit has been filed naming the Doe Subscriber as the one that allegedly downloaded copyright protected work;

---

material]. The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.").

      b.    A copy of the subpoena, the complaint filed in this lawsuit, and this Order;

      c.    Notice that the ISP will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, within 30 days of service of the subpoena, the Doe Subscriber files a motion to quash the subpoena or for other appropriate relief in this court.  If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the court acts on the motion.

    3.    The Doe Subscriber may move to quash the subpoena anonymously, but MUST PROVIDE his or her name and current address to the Clerk of the Court so that the court may provide notice of the filings to the Doe Subscriber.  This may be accomplished by completing and mailing to the Clerk of the Court the attached form.  This contact information will not be disclosed to Plaintiff and will be used solely for the purposes stated above.  The court will not decide any motions until the Doe Subscriber has provided all required Information.  If the Doe Subscriber fails to file a motion to quash the subpoena or for other appropriate relief within 30 days, the ISP shall provide to Plaintiff the information requested in the Subpoena within 14 days.  Plaintiff's use of this information shall be restricted as further provided in this Order.  Pursuant to Rule 45(c), Plaintiff shall reimburse the ISP for its

4

reasonable costs and expenses, including attorney's fees, associated with complying with the subpoena and this Order.

4. On receipt of the information from the ISP, Plaintiff must mark it as "Highly Confidential," and, absent further order of the Court, may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Subscriber. Unless otherwise ordered by the court, Plaintiff, its agents, representatives, and attorneys may not disclose the Information received from the ISP to any person not directly involved as an attorney in representing Plaintiff in this copyright infringement action relating to the Information received, except as provided below. Any person to whom the information or its contents are disclosed shall be required to sign an agreement to be bound by the provisions of this Order, enforceable by an action for contempt, prior to being informed of the Information or its contents. Any amended complaint filed by Plaintiff naming an individual defendant is, of course, subject to Rule 11 representations and sanctions. If Plaintiff determines that the information received pursuant to the subpoena is insufficient to support the filing of an amended complaint, it may:

    a. Serve a subpoena pursuant to Rule 45(a)(1)(B) commanding the Subscriber to appear and attend a deposition to answer questions regarding whether the Subscriber was responsible

for downloading the copyrighted work alleged in the original complaint.

   b. Pursuant to Rule 26(b)(2)(C), the deposition permitted pursuant to paragraph 4.a of this Order shall not last more than one hour in duration. Pursuant to Rule 37(a)(4), the Subscriber shall answer questions fully and unevasively, but may refuse to answer questions that would require the disclosure of privileged (including the 5th Amendment privilege against self-incrimination) or work product protected information, as described in Rule 26(b)(1), (3) and (5).

   c. No further discovery will be permitted unless authorized by the Court.

  5. Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with any unrepresented Doe Defendant whose identity has been revealed pursuant to the Subpoena or deposition described in paragraph 4 above. Any settlement communications with an unrepresented Doe Defendant shall be initiated only as approved by the court. On request of Plaintiff or the unrepresented Doe Subscriber, submitted to the Court at any time, settlement shall be conducted under supervision of one or more Magistrate Judges designated by the court for this purpose. Unless otherwise ordered by the court, any settlement negotiations shall be subject to the confidentiality provisions of Local Rule 607.4. This paragraph shall not prevent Plaintiff from

6

initiating or responding to a request for settlement communications with a Doe Defendant that is represented by counsel.

To the extent that the provisions herein, and particularly those in paragraphs four and five, limit the ways that Plaintiff may use any information that it receives, those limitations are the conditions upon which Plaintiff is permitted to seek and receive expedited discovery. Accordingly, those limitations remain in effect until and unless modified by an order of this court and do not expire at the conclusion of this litigation, irrespective of whether by entry of judgment, stipulation of dismissal, voluntary dismissal by Plaintiff, or other resolution.

September 17, 2024                                /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge